IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SALVADOR MUNOZ-TORRES,

      Plaintiff,

  vs.                                    CIVIL NO.  09-1171 LFG/RLP

HALIT HALITI, a deceased individual;
ESTATE OF HALIT HALITI; JOHN
DOE I, administrator and/or executor
of the Estate of Halit HALITI; JOHN
DOES 1 through 20, inclusive,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## CONDITIONALLY GRANTING MOTION TO DISMISS

THIS MATTER is before the Court on a Motion to Dismiss for Lack of Personal Jurisdiction, Insufficiency of Process, and Insufficiency of Service of Process [Doc. 5] filed by Defendants Estate of Halit Haliti ("Estate"), and/or John Doe I, administrator or executor of the Estate.  The Court considered the motion, Plaintiff's response in opposition [Doc. 6], and Defendants' reply [Doc. 10].  For the reasons stated below, the Court conditionally grants the Motion but will not enter an Order of Dismissal for thirty (30) days.

### Background

On November 6, 2007, Plaintiff Salvador Muñoz-Torres ("Muñoz") was involved in an automobile accident in McKinley County, New Mexico with Defendant Halit Haliti ("Haliti"), who sustained fatal injuries in the accident and died at the scene.

Subsequent to the accident, Muñoz sent Sentry Insurance Company ("Sentry") notice, by fax and U.S. mail, that he sustained injuries in the accident and sought recompense.  Sentry was the

insurance company providing coverage for Haliti at the time of the collision. Sentry responded to the notice, acknowledged receipt of a letter of legal representation, and on behalf of its insured, Haliti, commenced a dialogue with Muñoz in an intent to resolve the dispute. Notwithstanding discussions or correspondence exchanged, the parties did not resolve the dispute. Accordingly, Muñoz filed suit in a State district court, naming the deceased Haliti as the Defendant, together with "The Estate of Halit Haliti," and John Doe as administrator of Haliti's estate, although no party had yet been named personal representative of the estate. On November 6, 2009, Muñoz served the summons and complaint on "The Estate of Halit Haliti" via certified mail. A relative of Halit Haliti signed an acknowledgment of receipt.

Thereafter, a claims adjuster for Sentry contacted Muñoz's attorney and indicated that Sentry wanted to continue attempts to settle the claim before assigning a lawyer to the matter. Subsequently, Defendants removed the state case to federal court [Doc. 1], and thereafter filed a special appearance on behalf of the estate, administrator, or executor. [Doc. 4.] The special appearance was to challenge the court's jurisdiction and Muñoz's service of process.

## Analysis

The law of the place where the tort is alleged to have occurred determines the parties' substantive rights. Terrazas v. Garland & Loman, Inc., 2006-NMCA-111, 140 N.M. 293, 296, 142 P.3d 374, 377 (2006). In this case, the accident occurred in McKinley County, State of New Mexico. Accordingly, New Mexico law determines the capacity of the parties to sue or be sued. *See* Fed. R. Civ. P. 17(b)(3) (capacity to sue or be sued is determined for parties, other than an individual who is not acting in a representative capacity or for a corporation, by the law of the state where the court is located).

Here, Muñoz names Haliti as a Defendant, but it is undisputed that he is deceased, and therefore, is an improper party. Mercer v. Morgan, 86 N.M. 711, 712, 526 P.2d 1304 (Ct. App. 1974) ("[A] suit brought against a defendant who is already deceased is a nullity and of no legal effect.") Any claims arising from the negligence of Haliti must be prosecuted against the real party in interest, that is, the duly appointed personal representative of his estate. *See* NMSA 1978 § 45-3-104 ("No proceeding to enforce a claims against the estate of a decedent or his successors may be . . . commenced before the appointment of a personal representative."). New Mexico law grants priority to serve as th estate's personal representative to the personal representative named in a will, or to a surviving spouse, or other heir. NMSA 1978 § 45-3-203 (2009 Supp.). It appears that no personal representative has come forward.

The failure of the estate's heirs to act to name a personal representative, however, cannot thwart the rights of a party to seek legal redress for negligence. In a circumstance like this, anyone, including an estate creditor, may apply to be named as personal representative if an individual entitled to priority has not been appointed. *See* NMSA 1978 § 45-3-203(A)(6). It is rarely in the estate's best interests to have a stranger, including a creditor, appointed to serve in the capacity as personal representative. But, when an estate refuses or fails to act, some other nominee is entitled to be appointed to serve as personal representative of the estate.

The Court earlier set this motion for a hearing [Doc. 12] in an attempt to see if reasonable parties could agree on the appointment of a personal representative to allow this case to proceed without dismissal. The parties requested that the motion hearing be vacated [Doc. 13] with the idea that someone would apply to be named as the personal representative. At this juncture, it is unclear if any party has moved for the appointment as personal representative. No notice of resolution was provided to the Court. Accordingly, the Court must deal with the merits of the motion.

Even though Haliti's relatives and insurer have actual notice of the claim, and, indeed, actual notice of the Complaint, that is insufficient. *See* Sain v. Snyder, 2009 WL 1312938, *2 (D.N.M. Apr. 2, 2009) ("Even service that succeeds in providing a defendant with actual notice of a lawsuit, but fails to satisfy Rule 4's technical requirement, will not permit the court to render a personal judgment against the defendant absent a waiver of the defective service.") (internal citation omitted). Here, it is clear that New Mexico law requires a lawsuit against a decedent to be prosecuted against the personal representative, NMSA 1978 § 45-3-104; at this time, no personal representative is named.

The Court will, therefore, conditionally grant the motion to dismiss, but will not enter its order for thirty days. The intent of the Court is to ensure that one side or the other name a personal representative and that service be waived or made. This would save Plaintiff from needlessly incurring a new filing fee. In addition, because the statute of limitations expires this year, the Court seeks to avoid the possibility that Plaintiff's claim might be barred by law.

If a personal representative is named within thirty days after entry of this Order, the Court will enter an Order denying this motion. If a personal representative is not named within thirty days, the Court will enter an Order granting the motion, thereby dismissing this case, without prejudice.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge